1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

BRIAN F. ROGERS,

Plaintiff,

8

v.

9

CITY OF SAN FRANCISCO, et al.,

10

Defendants.

11

Case No.  23-cv-04997-JCS

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

Re: Dkt. No. 19

12

13

## I.   INTRODUCTION

14

In this employment discrimination case, Plaintiff Brian Rogers has sued the City of San

15

Francisco and the San Francisco Public Utilities Commission ("SFPUC") (collectively, the

16

"City"), based on the SFPUC's failure to hire him for a Senior Account Clerk position based on

17

his race.  Defendants bring a motion to dismiss ("Motion"), asking the Court to dismiss Plaintiff's

18

cause of action for intentional infliction of emotional distress ("IIED"), pursuant to Rule 12(b)(6)

19

of the Federal Rules of Civil Procedure, on the basis that Plaintiff failed to comply with the claim

20

presentation requirements of the Government Claims Act and furthermore, that municipalities

21

cannot be liable for common law torts.  In the Motion, Defendants also ask the Court to strike

22

Plaintiff's request for punitive damages under Rule 12(f) of the Federal Rules of Civil Procedure

23

on the basis that municipalities are not liable for punitive damages.

24

In opposition to the Motion, Plaintiff has supplied two letters from the San Francisco City

25

Attorneys' Office reflecting that a claim that Plaintiff submitted on September 22, 2023 based on

26

an incident that occurred on March 8, 2023 was found to be untimely and that Plaintiff's

27

subsequent request to file a late claim was denied.  Plaintiff did not address Defendants' assertion

28

that his request for punitive damages should be stricken in his Opposition brief.

United States District Court
Northern District of California

1      The Court finds that the Motion is suitable for determination without oral argument and

2   therefore vacates the motion hearing set for March 1, 2024 pursuant to Civ. L. R. 7-1(b). The Case

3   Management Conference set for the same date will remain on calendar but will be conducted at

4   2:00 p.m. instead of 9:30 a.m. on that date.  For the reasons set forth below, the Motion is

5   GRANTED in part and DENIED in part.[1]

6   **II.    BACKGROUND**

7      In the Complaint, Plaintiff, "who is [a] [B]lack male[,]" alleges that he applied for a Senior

8   Account Clerk position with SFPUC on December 3, 2022, responding to a job posting indicating

9   that there were two openings for this position.  Compl. ¶ 17.  On January 26, 2023, Plaintiff was

10  interviewed for the position at the SFPUC headquarters by Accounting Services Director Vivian

11  Chen and two other individuals who did not identify themselves.  *Id. ¶* 19. Plaintiff alleges that he

12  was highly qualified for the position but Defendants nevertheless hired two individuals who were

13  far less qualified to fill the positions because those individuals were White and Asian.  *Id. ¶* 21.

14  According to Plaintiff, "[t]he only reason that [he] was <u>NOT</u> hired for the position [was] strictly

15  because of his race."  *Id.  ¶* 28.

16     Plaintiff alleges that Ms. Chen "gave no reasons" for declining to hire Plaintiff and neither

17  she nor the other two individuals had any contact with Plaintiff after the January 26 interview.  *Id.*

18  ¶ 31.    Plaintiff alleges in the Complaint that he filed a complaint with the Equal Employment

19  Opportunity Commission ("EEOC") on June 28, 2023 and "waited for the SFPUC to conduct their

20  own investigation" but that it "never performed the investigation."  *Id.  ¶¶* 32-33.  He also alleges

21  that SFPUC "has their own Equal Employment Opportunity department but they failed to

22  investigate this matter."  *Id.* ¶ 33.  According to Plaintiff, the SFPUC's Equal Employment

23  Opportunity department was "initially contacted" on March 8, 2023 and an employee of SFPUC

24  told Plaintiff an investigation would take two months, but "they never even started on the

25  investigation."  *Id.  ¶* 33. Plaintiff does not allege in his Complaint that he filed a claim with the

26  City under the California Government Claims Act.

27

28  _____

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff asserts five claims in his complaint: 1) violation of his Constitutional right to

2    equal protection; 2)  discrimination under Title VII of the Civil Rights Act of 1964; 3)

3    discrimination under California's Fair Employment and Housing Act ("FEHA") on the basis of

4    sex; 4) IIED; and 5) discrimination under FEHA based on race and national origin.[2]  *Id.* ¶¶ 39-62.

5    Plaintiff seeks compensatory and punitive damages, as well as "all employment benefits he would

6    have enjoyed had he not been discriminated against[.]"  *Id.*  ¶¶ 67-74.

7    **III.    ANALYSIS**

8       **A.    Whether IIED Claim Should be Dismissed**

9          **1.    Legal Standards Under Rule 12(b)(6)**

10    A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure

11    for failure to state a claim on which relief can be granted.  "The purpose of a motion to dismiss

12    under Rule 12(b)(6) is to test the legal sufficiency of the complaint."  *N. Star Int'l v. Ariz. Corp.*

13    *Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a plaintiff's burden at the pleading stage

14    is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which

15    sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing

16    that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

17    In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and

18    takes "all allegations of material fact as true and construe[s] them in the light most favorable to the

19    non-moving party."  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

20    Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that

21    would support a valid theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

22    1990).  A complaint must "contain either direct or inferential allegations respecting all the material

23    elements necessary to sustain recovery under some viable legal theory."  *Bell Atl. Corp. v.*

24    *Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

25    1106 (7th Cir. 1984)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

26

27    _____

28    [2] In the complaint, the second and third claims are both labelled "Second Cause of Action"; the IIED claim is labelled "Third Cause of Action" and is referred to as such by Defendants to avoid confusion.

United States District Court
Northern District of California

1   of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

2   (quoting *Twombly*, 550 U.S. at 555).  "[C]ourts 'are not bound to accept as true a legal conclusion

3   couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S.

4   265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

5   'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)

6   (alteration in original).  Rather, the claim must be "'plausible on its face,'" meaning that the

7   plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable

8   inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S.

9   at 570).

10   ### 2.  Discussion

11   Under the California Government Claims Act, Cal. Gov't Code §§ 810-996.6, a public

12   entity is not liable for any injury, including common law torts, except as otherwise provided by

13   statute.  Cal. Gov't Code § 815(a);  *Milosky v. Regents of the Univ. of Cal.*, 44 Cal.4th 876, 900–

14   01 (2008).  However, a public entity may be found vicariously liable for an employees' tortious

15   acts taken within the scope of their employment, except where the employee is immune from

16   liability. Cal. Gov't Code § 815.2.  A public employee is immune where the injury resulted from a

17   discretionary act.  Cal. Gov't Code § 820.2.

18   Where immunity has been waived under the Government Claims Act, an individual

19   seeking to assert a state law tort claim against a public entity must follow certain procedures

20   before doing so. This includes submitting a written claim to the public entity at issue within six

21   months of the date on which the cause of action accrued. Cal. Gov't Code § 911.2.   An individual

22   may file a civil suit only after the governing body of the public entity acts upon the claim or

23   rejects the claim.  Cal. Gov't Code § 945.4.  An individual's failure to meet these requirements

24   bars them from bringing a civil action for the same claim in state or federal court. *Karim–Panahi*

25   *v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir.1988) (holding that state law tort claims

26   against public entities and public employees are barred unless the plaintiff pleads facts showing

27   that they filed written claims with the public entity in accordance with the California Government

28   Claims Act).  Further, where "[a] cause of action . . . is subject to the statutory claim procedure[,]

1      [a plaintiff] must allege either that [they] complied with the claims presentation requirement, or

2      that a recognized exception or excuse for noncompliance exists." *Gong v. City of Rosemead*, 226

3      Cal. App. 4th 363, 374 (2014).

4             Here, Defendants argue that Plaintiff's IIED claim fails because: 1) municipalities are

5      immune from liability for common-law torts, including IIED; and 2) Plaintiff has not alleged in

6      his Complaint that he timely submitted a claim under the Government Claims Act with the City

7      before filing this action.   The Court rejects Defendants' first argument but agrees with the second

8      one.

9             While municipalities are generally immune from liability for common-law torts under the

10     Government Claims Act, they may be held vicariously liable for the torts of their employees where

11     the employee caused an injury in the course and scope of their employment by a non-discretionary

12     act, as discussed above. *See Randolph v. City of E. Palo Alto*, No. C 06-07476 SI, 2008 WL

13     618908, at *10 (N.D. Cal. Mar. 1, 2008).  "Discretionary act immunity is 'reserved for basic

14     policy decisions which have been expressly committed to coordinate branches of government,'

15     'areas of quasi-legislative policy-making [which] are sufficiently sensitive' to call for judicial

16     abstention." *Id*. (quoting *Caldwell v. Montoya*, 10 Cal.4th at 976) (quoting *Johnson v. California*,

17     69 Cal.2d 782, 794, (1968)). "In contrast, there is no immunity for ministerial decisions that

18     'merely implement a basic policy already formulated.' " *Id*. (quoting *Caldwell v. Montoya*, 10

19     Cal.4th at 976). In *Randolph*, the court found that the hiring and supervision of police officers by

20     the city was not a discretionary act under these principles and therefore, that the city was not

21     immune from the plaintiff's claim for negligent hiring, training and supervision.  *Id.* at *11.

22     Similarly, nothing in the current record suggests that the decision not to hire Plaintiff was the

23     result of a "basic policy decision" as required to establish discretionary act immunity.   The Court

24     also notes that Defendants have not argued that the failure to hire Plaintiff was the result of any

25     discretionary act.  Therefore, the Court rejects Defendants' first argument, namely, that they are

26     immune from liability on the IIED claim because it is a common law claim.

27            On the other hand, Defendants are correct as to their second argument. Plaintiff does not

28     allege in the Complaint that he timely presented a claim to the City; nor does he allege that any

United States District Court
Northern District of California

1    recognized excuse for noncompliance exists.  Therefore, he has not adequately alleged compliance

2    with the prerequisites of the Government Claims Act and his IIED claim fails to state a claim for

3    that reason.

4              **B.    Whether Punitive Damages Should be Stricken**

5              Under California Government Code Section 818, "a public entity is not liable for

6    [exemplary damages] or other damages imposed primarily for the sake of example and by way of

7    punishing the defendant."  Defendants therefore seek to strike Plaintiffs' request for punitive

8    damages (Compl. ¶¶ 58, 64, 71) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

9    The Ninth Circuit has held, however, that "Rule 12(f) does not authorize district courts to strike

10   claims for damages on the ground that such claims are precluded as a matter of law."

11   *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010).  Accordingly, the

12   Court DENIES the Motion as to Defendants' request.

13             **C.    Whether Plaintiff Should Be Granted Leave to Amend**

14             The remaining question is whether Plaintiff should be permitted to amend his complaint to

15   cure the defects in his allegations relating to compliance with the Government Claims Act.

16   Although leave to amend is freely granted, the Court may deny leave to amend where it finds that

17   amendment is futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, the Court concludes that

18   Plaintiff should be permitted to amend his complaint.

19             As a preliminary matter, the Court notes that the letters Plaintiff attached to his Opposition

20   brief do not establish that he presented a timely claim based on the conduct that is at issue in this

21   case.  First, Plaintiff did not supply a copy of the underlying claim, making it impossible to

22   determine whether the claim referenced in the letters, based on an incident that occurred on March

23   8, 2023, involved the same conduct that is the basis for the IIED claim asserted in this case.

24   Second, the letters indicate that the claim Plaintiff submitted as to the March 8, 2023 incident was

25   submitted on September 22, 2023 -- more than six months after the incident date -- and was

26   therefore untimely.    Third, the letters indicate Plaintiff's application for leave to file a late claim

27   was denied.

28             Nonetheless, in light of Plaintiff's pro se status, he will be given an opportunity to amend

United States District Court
Northern District of California

6

1  his complaint to plead facts showing that he submitted a timely claim or that a recognized

2  exception or excuse for noncompliance with the Government Claims Act exists.

3  **IV.    CONCLUSION**

4     For the reasons stated above, the Motion is GRANTED in part and DENIED in part.  The

5  Court GRANTS the Motion as to Plaintiff's IIED claim, which is dismissed, without prejudice, for

6  failure to state a claim.  The Court DENIES the Motion as to Defendants' request that the Court

7  strike Plaintiff's request for punitive damages.  Plaintiff may file an amended complaint to address

8  the deficiencies in his allegations with respect to his compliance with the Government Claims Act.

9  Plaintiff's amended complaint shall be filed no later than **April 5, 2024**.

10     Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro

11  Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses

12  for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th

13  floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in

14  Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made

15  by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal

16  Help Center can provide basic assistance to parties representing themselves but cannot provide

17  legal representation.

18     **IT IS SO ORDERED.**

19

20  Dated:  February 23, 2024

21  _____

22  JOSEPH C. SPERO
    United States Magistrate Judge

23

24

25

26

27

28

United States District Court
Northern District of California

7